UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JERAMIAH COLLINS,

    Plaintiff,

vs.

SCHULER'S BAKERY, INC.,

    Defendant.

Case No. 3:21-cv-276

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE FOR NON-PROSECUTION; AND (2) TERMINATING THIS CASE ON THE DOCKET**

---

    This case is before the Court on Defendant Schuler's Bakery, Inc.'s motion to dismiss pursuant to Fed. R. Civ. P. 37(d) and 41(b).  Doc. No. 14.  Plaintiff filed a complaint on October 6, 2021, alleging gender and sexual orientation discrimination and retaliation.  Doc. No. 1.  On March 31, 2022, Plaintiff's counsel moved to withdraw from her representation of Plaintiff due to his repeated non-responsiveness.  Doc. No. 10.  U.S. Magistrate Judge Peter B. Silvain, Jr. granted the withdrawal motion on April 26, 2022.  Doc. No. 12.  The following day, Defendant's counsel sent a letter to Plaintiff reminding him his discovery responses were due by May 5, 2022.  Doc. No. 14-1 at PageID 89.  Defendant's counsel requested Plaintiff confirm receipt of the letter and warned Plaintiff that Defendant would seek sanctions if he failed to meet his discovery obligations.  *Id*.  Defendant's counsel sent Plaintiff a follow-up letter, emailed Plaintiff copies of both letters, and attempted to call Plaintiff.  Doc. No. 14-1 at PageID 90.  Plaintiff never responded.  *Id.*

    On May 24, 2022, Defendant moved to dismiss Plaintiff's complaint for his lack of cooperation in discovery and failure to prosecute.  Doc. No. 14.  Plaintiff's opposition memorandum was due on or before June 14, 2022.  Doc. No. 16.  However, Plaintiff failed to file

an opposition memorandum by that deadline. *Id*. Accordingly, the Court ordered Plaintiff to show cause, on or before June 29, 2022, why Defendant's motion should not be granted. *Id.*

Plaintiff has failed to satisfy the Court's Show Cause requirement as of the date of this Order. *Id*. Nor has Plaintiff responded to Defendant's counsel's communications or contacted the Court. Doc. No. 14-1 at PageID 90. Therefore, the Court finds Plaintiff has no intention to prosecute his claims and dismissal of his complaint is warranted. *See, e.g.*, *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999) (quotations omitted) ("Rule 41(b) of the Federal Rules of Civil Procedure gives courts the authority to dismiss a case for 'failure of the plaintiff to prosecute or to comply with these rules or any order of the court.' This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties'").

The Court, therefore, (1) **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint; and (2) **TERMINATES** this case on the docket.

    **IT IS SO ORDERED.**

Date:   July 12, 2022                                                  s/Michael J. Newman
                                                                                   Hon. Michael J. Newman
                                                                                   United States District Judge